I write merely to express my view that Rule 54 (c), A.R.Civ.P., reinforces the majority's holding that the pleadings were amended to conform to the evidence when evidence was introduced, without objection by the plaintiff, on the issue of fraud. Rule 54 (c), A.R.Civ.P., provides in part:
 "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
The Committee Comments to Rule 54 (c) explain the relationship between Rule 15 and Rule 54:
 "The second sentence of subdivision (c) implements the general principle of Rule 15 (b), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. It is a necessary rule in a merged system of law and equity. . . . But this rule is only applicable where the proof supports the relief finally given, and where, therefore, pursuant to Rule 15 (b), the pleadings could be deemed to be amended to conform to the evidence."
I agree with the majority's conclusion that the evidence presented on the issue of fraud was sufficient to vitiate the plaintiff's claim to ownership, and that under Rules 15 (b) and 54 (c), A.R.Civ.P., the defendant would be entitled to relief based on the evidence presented to the trial court.